JAMES E. McDANIEL, ARTHUR W. HAMBY, THEODOTUS C. HAMBY, THOMAS W. WATERS, AND CHARLES M. GALLOWAY,

*vs.*

FRANKLIN RAILWAY SUPPLY COMPANY, a Delaware Corporation.

*New Castle, Oct. 31, 1934.*

*Clarence A. Southerland,* of the firm of Ward & Gray, *Selden Bacon,* of New York City (*L. L. Hamby,* of Washington, D. C., of counsel), for complainants and cross-defendants.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, and *Francis deH. Janvier,* (*Thomas G. Haight,* of of Jersey City, N. J., and *M. S. Hottenstein,* of New York City, of counsel), for defendant and cross-complainant.

THE CHANCELLOR: A draft of a proposed interlocutory decree has been submitted by the solicitors for the complainants. One of the paragraphs of the proposed decree is as follows:

"The defendant shall also account for and pay to the plaintiff the royalty stipulated in said contract of April 11, 1919, on such sales (either by the defendant or by the Franklin Railway Supply

Co. Inc. or by the Franklin Railway Supply Co. Ltd.) of parts of wedge equipment, if any, which were sold under circumstances which constituted an evasion of sales of wedge equipment made in its entirety as contemplated by said contract."

This paragraph, if embodied in the decree, would require the defendant to account for sales of parts if such sales were, not infringing sales of parts *qua* such, but sales evasively made of wedge equipment in its entirety as contemplated by the contract. The language of the proposed paragraph harmonizes with the language of the opinion heretofore filed (*ante p.* 327) upon the coming in of the master's report.

It is contended by the defendant that the proposed language is objectionable because it fails to define the principles upon which the accounting as to parts is to be governed. The paragraph certainly lays down a general principle. It is that if parts were sold under such factual circumstances as show the sales to have been sales in disguise of the equipment in its entirety, then the defendant must account therefor. The objection which the defendant makes, when analyzed, comes down to this—that the court should lay down principles for the guidance of the master before whom the account is taken by which the fact of evasion or disguise is to be tested. If that were undertaken, it would involve the forecast of supposititious fact-combinations. To make such a forecast in terms sufficiently embracing would be manifestly most difficult, if not impossible. As a matter of convenient procedure it is better to refer the whole question of evasive sales to the master to be dealt with in the course of the accounting before him. I can see no necessity of re-taking testimony which has already been received. The parties may offer such additional testimony upon the issue of evasion as they may deem pertinent. I am of the opinion that enough now appears in the record to justify at least the inquiry before an accounting master of whether in the very large sales

of parts there may be lurking sales of wedge equipment in its entirety as contemplated by the contract, as distinguished from sales of parts in the way of possible infringement.

The defendant raises a point which was raised at the argument on the exceptions to the master's report and which the opinion heretofore filed (*ante p.* 327) did not answer. The point is that the complainants are estopped from complaining against the sale by the defendant of parts, because of the fact that the complainants were fully informed that the defendant was selling parts and never objected thereto or protested against the same. The reports which the defendant made to the complainants did disclose the sales of parts in large number. But granting that the silence of the complainants might operate against them as an estoppel or acquiescence, yet it appears to me that the circumstances are such that the granted estoppel or acquiescence can extend no farther than to apply to the sales of parts in an infringing sense. Sales of parts in that sense are not within the accounting here to be decreed, and so the question of estoppel or acquiescence in that connection is of no moment. If it be argued that the same facts which show an estoppel with respect to infringing sales of parts, show also an estoppel with respect to evasive sales of parts as complete equipments, I cannot accept the argument. In view of the communications between the parties relating to the sale of parts for repairs, the complainants may be conceded *arguendo* to be estopped from complaining against the defendant for having infringed their patent, but be not estopped from complaining against the defendant for having breached its contract. The two positions are not inconsistent. Under the evidence, the facts upon which the alleged estoppel rests, if they be legally sufficient to protect the defendant from liability as an infringer, do not appear to me to be sufficient to protect it from liability as a violator of the contract. I do not recall any disclosure by the defendant to the complainants of sales of parts in

such a way as to show evasive sales of equipment in its entirety in the form of parts. Indeed the defendant now contends that there were no such evasive sales, and would, I assume, very vigorously deny that the evidence discloses any revelation to the complainants of such sales by the defendant on which an alleged estoppel would rest as a basis.

In view of the foregoing, it becomes unnecessary to consider further the question of estoppel.